UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS WILSON (#9000060276)**

**VERSUS**

**HILLAR C MOORE, ET AL.**

**CIVIL ACTION**

**NO. 15-0052-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 16, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS WILSON (#9000060276)**

**VERSUS**

**HILLAR C. MOORE, ET AL.**

**CIVIL ACTION**

**NO. 15-0052-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against District Attorney Hillar C. Moore, Assistant District Attorney Dana J. Cummings, Judge "Anthoney" Marabella, and the 19th Judicial District Court.  In his original Complaint, the plaintiff complained that his constitutional rights were being violated in connection with an ongoing criminal prosecution in a Louisiana state court.  The plaintiff later amended his Complaint, following his conviction, to add additional complaints concerning the validity of his conviction.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id*. at 32-33.  A claim

has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff's original Complaint provides a plethora of largely conclusory allegations against the defendants including slander, manipulation of the court allotment system, vindictive prosecution, harassment, excessive bond, denial of assistance of counsel, forum shopping, false charges, scheduling "pop up" court dates, showing favoritism, and issuance of improper warrants. He prayed therein for production of documents, funding to hire a forensic expert, investigation of his claims, a change of venue, a stay of proceedings, release to a rehabilitation facility, dismissal of the charges against him, return of property and money seized without due process, and compensatory and punitive damages.

The plaintiff's amended Complaint asserts that his trial was unfair due the admission of certain evidence, the denial of motions, conflicting testimony, racism on the part of ADA Cummings, biased jurors, bribery, and prejudicial statements made by Judge Marabella. He asks this Court to overturn his sentence.

To the extent the plaintiff is attacking the validity of his conviction, this claim seeks relief obtainable only through an application for a writ of habeas corpus. This determination is made

by focusing on the scope of relief sought by the petitioner. *Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987).  In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action.  Accordingly, the plaintiff's claim regarding the validity of his conviction is subject to dismissal, without prejudice to the plaintiff's right to pursue a separate claim for habeas corpus relief.

In the alternative, a substantive review of the plaintiff's claims would fare no better.  The plaintiff's Complaint fails to state a claim under § 1983 against the defendants named in this proceeding in any event.  Initially, the plaintiff's claim against Judge Marabella is clearly barred by the doctrine of absolute judicial immunity.  While such immunity is a question of law to be determined upon the facts of each case, it is clear that this immunity extends to claims arising from acts performed in the defendant's judicial role. *Brewer v. Blackwell,* 692 F.2d 387, 396 (5th Cir.1982).  The immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity.  *See, e.g., Mireles v. Waco,* 502 U.S. 9, 11–12 (1991); *Brewer v. Blackwell, supra,* 692 F.2d at 396. *See also Ammons v. Baldwin,* 705 F.2d 1445, 1447 (5th Cir.1983).  Moreover, this immunity applies however erroneous the act and however evil the motive. *Johnson v. Kegans,* 870 F.2d 992, 995 (5th Cir.1989).  Applying this test here, it is clear that the alleged acts of Judge Marabella in presiding over the plaintiff's criminal case are within the scope of the defendant's judicial authority.  Therefore, Judge Marabella is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal herein.

Further, the plaintiff's claims asserted against District Attorney Hillar C. Moore and Assistant District Attorney Dana J. Cummings are barred by the doctrine of absolute prosecutorial immunity.  A district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his or her role as a prosecutor in preparing for the initiation of judicial proceedings or in presenting the State's case before the court.  *See Kalina v. Fletcher,* 522 U.S. 118, 125–26 (1997); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *Esteves v. Brock,* 106 F.3d 674, 677 (5th Cir.1997). The courts employ a "functional" test to determine whether a prosecutor is entitled to absolute immunity, pursuant to which the courts look to the "nature of the function performed." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993).  A prosecutor's immunity applies to his or her actions in initiating prosecution, in carrying the case through the judicial process, and to those actions that are "intimately associated with the judicial phase of the criminal process." *Esteves v. Brock, supra,* 106 F.3d at 677, *quoting Imbler v. Pachtman, supra,* 424 U.S. at 430–31.  "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Labry v. Mamoulides,* 248 F.3d 1142, *1 (5th Cir. 2001), *quoting Kerr v. Lyford,* 171 F.3d 330, 337 (5th Cir. 1999).  In the instant case, the plaintiff's claims asserted against District Attorney Moore and Assistant District Attorney Cummings are apparently based on the defendants' conduct as advocates for the State of Louisiana, and the defendants are therefore entitled to absolute prosecutorial immunity.  *See Imbler v. Pachtman, supra; Cousin v. Small,* 325 F.3d 627, 631–32 (5th Cir. 2003).  Accordingly, the plaintiff's claims asserted against defendants Moore and Cummings must be dismissed because he seeks recovery from defendants who are immune from such relief.  *See Delaney v. Ackal,* 2009 WL 5195935, *3 (W.D. La. Oct. 10, 2009).

Finally, section 1983 only imposes liability on any "person" who violates someone's constitutional rights under color of law, and "the jurisprudence seems clear that state courts are not considered 'persons' within the meaning of [§] 1983." *Moity v. Louisiana State Bar Ass'n*, 414 F.Supp. 180, 182 (E.D.La.1976). Furthermore, under Louisiana law the 19th Judicial District Court "is not an entity to which the law attributes personality," and it, therefore, lacks the capacity to be sued under § 1983. *See, e.g., Wells v. Welborn*, 2011 WL 2222311, at *1 (M.D. La. June 8, 2011) (Brady, J.) (finding that the East Baton Rouge Family Court is not a juridical entity capable of being sued); *Rutherford v. Louisiana,* 2011 WL 692031, at *5 (E.D. La. Feb. 17, 2011) (finding that the 21st Judicial District Court of the State of Louisiana is not a juridical person); and *Green v. Dist. Attorney Office*, Civ. Action No. 08–3685, 2009 WL 651132, at *5 (E.D. La. Mar. 10, 2009) (dismissing § 1983 claims against the Orleans Parish Criminal District Court).

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[1] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on November 16, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."